ERIC GRANT
United States Attorney
BRENDAN D DALY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br>v.<br>STEVEN MORRIS,<br>DEFENDANT. | CASE NO. 1:26-CR-00137-KES-EPG<br><br>STIPULATION REGARDING PROTECTIVE ORDER |

1. As described more fully below, the parties, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the reasons set forth below, agree to a Protective Order in this case restricting the use and dissemination of certain materials containing statements and other confidential information of victims, witnesses, and third parties, including confidential witness information.

2. The investigation was developed based, in part, on information provided by witnesses and confidential sources, whose identities may be apparent to the defendants/defense upon review of the reports, photographs, and/or recordings contained in the discovery material.

3. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the statements and information of these witnesses. If this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the person to whom the information relates. The information could itself be used to further criminal activity if improperly disclosed or used. The United

States has ongoing obligations to protect the witnesses, including confidential witnesses, contained in these documents and/or recordings.

4. Accordingly, the parties jointly enter into this Protective Order that will permit the government to make available the materials, but preserves the privacy and security of the witnesses. The parties agree that the following conditions will serve the government's interest in maintaining the privacy and security of the witnesses, while permitting the Defense Team to understand the United States' evidence against the defendants.

## II. PROPOSED PROTECTIVE ORDER AGREEMENT

### A. Protected Materials

5. This Agreement pertains to discovery produced to defense counsel containing the statements of witnesses, victim, and confidential witnesses in this case (hereafter, collectively "Protected Materials"). These items will be readily identifiable by a Bates Stamp on each item with the phrase "Attorney's Eyes Only."

6. To the extent that notes are made that memorialize, in whole or in part, the identity of the witnesses, or statements that indicate the identity of the witnesses, in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order Agreement and must be handled in accordance with the terms of the Protective Order Agreement.

### B. Defense Team

7. For purposes of this Agreement, the term "Defense Counsel" refers to the defendant's counsel of record.

8. For purposes of this Agreement, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

9. Defense Counsel must provide a copy of this Agreement to all members of the Defense Team.

**C. <u>Disclosure of Protected Materials</u>**

10. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendants themselves.

11. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendants, or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Protective Order Agreement.

12. This Protective Order Agreement does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

13. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D. <u>Filings</u>**

14. In the event that a party needs to file Protected Materials with the Court, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention, including by making a request that the filing party redact the identity of the confidential witness. If the other party does not object to the proposed filing, the party seeking to file such information may file the information without redaction.

**E. Termination or Substitution of Counsel**

15. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order Agreement before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order Agreement, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order Agreement and are not relieved by termination of representation or conclusion of the prosecution.

**F. Modification of Order**

16. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

**G. Violation of Order**

17. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**H. Application of Laws**

18. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

19. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO AGREED AND STIPULATED.

Dated: August 11, 2026

ERIC GRANT
United States Attorney

/s/ *BRENDAN D DALY*
BRENDAN D DALY
Assistant United States Attorney

Dated: August 11, 2026

/s/ *John Frederick Garland*
John Frederick Garland
Counsel for Defendant
STEVEN MORRIS

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated: **August 12, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE